United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD CHANG, | No. C 09-0216 CW |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANT'S MOTION FOR |
| v. | JUDGMENT ON THE PLEADINGS AND DENYING IT IN PART; |
| WELLS FARGO AND COMPANY, WELLS FARGO BANK, WELLS FARGO AND COMPANY AS PLAN ADMINISTRATOR, and DOES 1 to 10, | AND SCHEDULING CASE MANAGEMENT CONFERENCE |
| Defendants. / | |

Defendant Wells Fargo & Company[1] has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Pro se Plaintiff Gerard Chang opposes the motion.  Having considered all of the papers filed by the parties, the Court GRANTS Defendant's motion IN PART and DENIES IT IN PART.

---

[1] Defendant states that it is incorrectly identified in Plaintiff's complaint as "Wells Fargo and Company, Wells Fargo Bank, Wells Fargo and Company as Plan Administrator."  The Court will refer to Defendant as Wells Fargo & Company.

BACKGROUND

In his complaint, Plaintiff alleges the following. On April 16, 2001, Plaintiff was hired by Greater Bay Bank (GBB), which has since merged with Defendant Wells Fargo & Company. On January 26, 2005, Plaintiff made irrational statements at a meeting. Plaintiff's behavior was due to the fact that, at the time, he was suffering from bipolar disorder. Plaintiff then met privately with his manager, Cheryl E. Howell, who subsequently stated that Plaintiff offered a verbal resignation at that meeting. Plaintiff alleges that January 26, 2005 should not be regarded as the date his employment with GBB ended.[2] Following termination of his employment, Plaintiff was denied benefits under GBB's long-term disability plan with the MetLife Insurance Company (MetLife) in violation of the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461.

Plaintiff also alleges that Defendant is an administrator of the employee retirement savings and income plan (Retirement Plan). The following allegations concerning Defendant's administration of the Retirement Plan are alleged to be in violation of Defendant's fiduciary duty under ERISA: (1) investment options have been liquidated, with funds transferred to investment options selected by the plan participant or, in the absence of a selection, to a default option chosen by the plan administrator; (2) after such a liquidation and transfer of funds, it is difficult for plan

---

[2] The date of termination is a significant issue because, according to Plaintiff's allegations, it was a factor in determining whether Plaintiff was or was not eligible for long-term disability benefits after the termination.

participants to understand if their investment options have benefitted from a gain or suffered a loss; (3) statements of account to plan participants conceal information such as total and year-to-date contributions by the employee and by the employer, transaction details related to investment earnings, disbursements, corrections, investment management fees, and expenses; and (4) a payment of dividends was distributed from the plan to participants rather than remaining in the plan for reinvestment.

On December 13, 2005, Plaintiff filed a federal complaint titled Chang v. Greater Bancorp, Howell, Marciniak, Colman, Lee and Does 1 to 50, No. C 05-5166 CW (2005 Complaint).  In connection with his employment with GBB, the termination of his employment and the denial of various benefits following termination, the 2005 Complaint alleged the following causes of action: (1)-(8) breach of fiduciary duty; (9)-(10) violation of the United States Patriot Act; (11)-(13) violation of the Fair Labor Standards Act; (14) violation of civil rights based on denial of unemployment benefits; (15) violation of civil rights based on denial of a bonus payment and (16) violation of civil rights based on failure to re-employ Plaintiff.  On May 12, 2006, the Court entered an order dismissing the first ten causes of action, with prejudice and without leave to amend.  On February 16, 2007, the defendants in that case filed a motion for summary judgment on the remaining causes of action and, on March 14, 2007, Plaintiff filed a statement of non-opposition to the defendants' motion.  On March 19, 2007, the Court entered an order granting summary judgment to the defendants and judgment was entered against Plaintiff.  The

3

Ninth Circuit Court of Appeals affirmed the Court's judgment.

On May 1, 2007, Plaintiff filed a discrimination charge under the Americans with Disabilities Act (ADA) with the Equal Employment Opportunity Commission (EEOC). The EEOC informed Plaintiff that the charge was untimely and that it would take no action on it. On May 7, 2007, Plaintiff filed a federal complaint titled <u>Chang v. Greater Bay Bank, Greater Bay Bancorp, Howell, Marciniak. Colgan, Lee and Does 1 to 50</u>, No. C 07-2437 CW (May, 2007 Complaint). In connection with his employment with GBB, the termination of his employment and the denial of benefits following termination, the May, 2007 Complaint alleged the following causes of action: (1) violation of the ADA for wrongful termination; (2) age discrimination based on wrongful termination; (3) violation of the Fair Labor Standards Act because the defendants in that action demanded that Plaintiff perform work he was unqualified to do; (4) violation of the Fair Labor Standards Act based on a hostile work environment; (5) violation of the Fair Labor Standards Act based on non-payment of earnings; (6) violation of civil rights based on wrongful termination; (7) violation of civil rights based on the defendants' denial of disability benefits to Plaintiff; (8) violation of civil rights based on the defendants' denial of health benefits to Plaintiff; (9) violation of civil rights based on the defendants' actions toward Plaintiff after his mental breakdown; (10)-(11) violation of civil rights based on constructive termination; (12) fraud; (13) extortion, coercion and duress; (14) negligence; (15) intentional infliction of emotional distress; (16) negligent infliction of emotional distress;

4

(17) tortious interference with Plaintiff's life and finances; and (18) negligent interference with Plaintiff's life and finances. On June 7, 2007, the Court filed an order denying Plaintiff's application to proceed in forma pauperis and dismissing the complaint, finding that all of the claims were barred by res judicata. The Court also noted that Plaintiff's ADA claim was deficient because he did not allege that the defendants were aware of his disability at the time of his resignation and because he failed to exhaust his administrative remedies with the EEOC. Further, the Court found that Plaintiff's 42 U.S.C. Section 1983 claims were deficient because the defendants were private actors. The Court granted Plaintiff leave to amend the complaint if he could add truthful allegations to remedy these deficiencies, including the application of res judicata. The Court informed him that he could file an amended complaint with the full filing fee within thirty days of the date of the order.

On June 25, 2007, instead of filing an amended complaint, Plaintiff filed a new complaint titled Chang v. Greater Bay Bank, Greater Bay Bancorp, Howell, Marciniak. Colgan, Lee and Does 1 to 50, No. C 07-3334 CW (June, 2007 Complaint). As in the two earlier complaints, Plaintiff asserted numerous causes of action in connection with his employment with GBB, the termination of his employment and the denial of various benefits following termination. In addition to the same causes of action alleged in the May, 2007 Complaint, Plaintiff alleged the following causes of action: (1) non-compliance with the Family and Medical Leave Act (FMLA); (2) violation of civil rights based on denial of workers'

5

compensation benefits; (3) violation of civil rights based on denial of benefits under the FMLA; (4)-(5) "constitutional tort in equal protection" and "breach of contract" based on his constructive termination; (6)-(7) "constitutional tort in equal protection" and "breach of duty" based on the denial of disability benefits; (8)-(9) "constitutional tort in equal protection" and "breach of duty" based on denial of health benefits; (10)-(11) "constitutional tort in equal protection" and "breach of duty" based on the denial of workers' compensation benefits and (12)-(13) "constitutional tort in equal protection" and "breach of contract" based on the denial of benefits under the FMLA.

The Court granted the defendants' motion to dismiss the June, 2007 Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court found that, except for the allegation that the defendants were aware that Plaintiff had been diagnosed with bipolar disorder in 2003, the allegations in Plaintiff's June, 2007 Complaint were the same as those in the prior two complaints. The Court again found that the claims were barred by res judicata. The defendants also requested that the Court issue an order, pursuant to Federal Rule of Civil Procedure 11, prohibiting Plaintiff from "filing additional lawsuits against Defendants regarding his employment and resignation." The Court denied that request but, in its Order, reminded Plaintiff that the doctrine of res judicata precludes him from again raising against the defendants any claims arising out of the termination of his employment, even if those claims are based on new legal theories. The Ninth Circuit Court of Appeals affirmed the Court's judgment.

6

Plaintiff filed the initial complaint in the instant case on January 16, 2009 and an amended complaint on March 23, 2009. The amended complaint contains four causes of action, some of which will be subdivided for purposes of discussion:[3]

    (1) breach of fiduciary duty based on:

        (a) Defendant's denial of long-term disability benefits to Plaintiff;

        (b) MetLife's denial of Plaintiff's appeal of the denial of long-term disability benefits;

        (c) Defendant's failure to disclose information related to the long-term disability plan, in violation of Defendant's fiduciary duty under ERISA and

        (d) Defendant's administration of the Retirement Plan, in violation of Defendant's fiduciary duty under ERISA because data has been concealed, dividends were distributed rather than reinvested, and investment options were eliminated to generate sales charges and fees and to conceal unrealized losses;

    (2) breach of contract on the ground that Defendant denied long-term disability benefits to Plaintiff;

    (3) fraud on the ground that Defendant

        (a) denied long-term disability benefits to Plaintiff after collecting premiums for long-term disability insurance and

        (b) concealed data in statements and other reports

---

[3] Plaintiff's claims will be identified in the discussion by the numbers and letters used below.

          provided by the Retirement Plan, in violation of its
          fiduciary duty under ERISA and

    (4) tort on the ground that Plaintiff has suffered damages
      due to the denial of long-term disability benefits.

Plaintiff seeks equitable remedies, including disclosures of information and court orders to change administrative practices, for the alleged breach of fiduciary duty in the administration of the Retirement Plan (claims (1)(d) and (3)(b)).  For the other claims, Plaintiff seeks recovery of the long-term disability benefit, punitive damages, costs, disclosures and injunctions.

Defendant answered the amended complaint on March 27, 2009. On May 28, 2009, Defendant filed a motion for judgment on the pleadings on the ground that the complaint is barred by the doctrine of <u>res judicata</u> or, in the alternative, that any non-barred counts have substantive defects that warrant entry of judgment pursuant to Federal Rule of Civil Procedure 12(c).

LEGAL STANDARD

I.   Judgment on the Pleadings

A motion for judgment on the pleadings, like a motion to dismiss for failure to state a claim, addresses the sufficiency of a pleading.  Judgment on the pleadings may be granted when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law.  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989).  The court may consider, in addition to the face of the pleadings, exhibits attached to the pleadings, <u>Durning v. First</u>

Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987), and facts which may be judicially noticed, Mullis v. United States Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987).

In testing the sufficiency of a pleading, the well-plead allegations of the non-moving party are accepted as true, while any allegations of the moving party which have been denied are assumed to be false. Hal Roach Studios, 896 F.2d at 1550. However, the court need not accept conclusory allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court must view the facts presented in the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor, Gen. Conference Corp. of Seventh Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989), but need not accept or make unreasonable inferences or unwarranted deductions of fact, McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974).

## II. Doctrine of Res Judicata

Res judicata, or claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Marin v. HEW, Health Care Financing Agency, 769 F.2d 590, 594 (9th Cir. 1985) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Res judicata

9

operates where there is "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." Western Radio, 123 F.3d at 1192 (citing Blonder-Tonque Lab. v. University of Ill. Found., 402 U.S. 313, 323-324 (1971)).

Two claims or causes of action are the same, for purposes of the first prong of the res judicata test, if they arise from the same transaction or series of transactions. Two claims are part of the same transaction or series of transactions where they share a factual foundation such that they could have been tried together. Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992). "Different theories supporting the same claim for relief must be brought in the initial action." Id. Likewise, all evidence pertinent to a particular claim must be raised in the initial action because "when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948) (internal quotation marks omitted).

DISCUSSION

I. Claims Barred by Res Judicata

GBB was a defendant in the 2005 Complaint and the May and June, 2007 Complaints. Plaintiff does not dispute that Wells Fargo & Company is in privity with GBB because Wells Fargo & Company acquired GBB. Therefore the privity requirement of res judicata is

10

met.

Because all counts in the 2005 Complaint were either dismissed with prejudice or the subject of summary judgment in favor of the defendants, a final judgment on the merits was entered on the 2005 Complaint. The judgment entered on the June, 2007 complaint was also a judgment on the merits because "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies." Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002). Thus, the doctrine of res judicata applies to any claims in the instant complaint which are identical to the claims in either the 2005 Complaint or the June, 2007 Complaint.

Plaintiff's claims (1)(a), (2), (3)(a) and (4) concern the denial of long-term disability benefits when Plaintiff's employment was terminated. Plaintiff plead multiple causes of action based on the denial of disability benefits in the June, 2007 Complaint and the instant claims listed above could have been asserted in 2005 or June, 2007, so these claims are barred by res judicata.

Plaintiff's claim (1)(c) concerns Defendant's alleged failure to provide information about the long-term disability plan. Such a failure would be a fact closely associated with the denial of disability benefits and thus would be part of the transaction that was the subject of the 2005 and June, 2007 Complaints. Plaintiff could have made this claim in 2005 or in June, 2007, so claim (1)(c) is barred by res judicata, despite the new legal theory under ERISA.

Plaintiff's claim (1)(b) alleges that Defendant breached its

11

fiduciary duty to him when MetLife denied an appeal of the decision to deny long-term disability benefits. The single factual allegation that connects Defendant with the denial of the appeal is that Defendant provided the date of Plaintiff's termination of employment with GBB to MetLife. (Complaint ¶ 57.) Because the date of termination was a disputed issue when the long-term disability benefits were first denied and it is alleged only that Defendant confirmed to MetLife the same information that GBB provided for the initial denial, claim (1)(b) is part of the transaction that was the subject of the 2005 and June, 2007 Complaints and is also barred by res judicata.

II. Claims not Barred by Res Judicata

Plaintiff's claims (1)(d) and (3)(b) allege violations of ERISA in Defendant's administration of its Retirement Plan. The administration of the Retirement Plan is not related to the circumstances of Plaintiff's employment with GBB, the termination of employment, or the denial of benefits after employment. Because the administration of the Retirement Plan is not part of the transaction covered by the 2005 and June, 2007 Complaints, claims (1)(d) and (3)(b) are not barred by res judicata.

III. Defendant May Be a Proper Party to ERISA Claims Concerning the Retirement Plan

Defendant argues that it is not the proper party for claims under ERISA because it is not the plan entity. Defendant's discussion of Plaintiff's ERISA claims does not recognize that there are two sets of ERISA claims -- claim (1)(c), related to the denial of long-term disability benefits, for which Plaintiff seeks

12

recovery of plan benefits, and claims (1)(d) and (3)(b), related to Defendant's alleged breach of fiduciary duty in the administration of the Retirement Plan, for which Plaintiff seeks equitable relief. "ERISA permits suits to recover benefits only against the Plan as an entity, [29 U.S.C.] §§ 1132(a)(1)(B); 1132(d), and suits for breach of fiduciary duty only against the fiduciary, [29 U.S.C.] § 1109(a)." Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324-25 (9th Cir. 1985). Thus, Plaintiff could not bring suit against Defendant for recovery of the long-term disability plan benefits unless Defendant were the plan entity, but Plaintiff may bring suit against Defendant for breach of fiduciary duty in the administration of the Retirement Plan if Defendant is a fiduciary of that plan. ERISA defines a fiduciary of a plan as anyone who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . [or] has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). Plaintiff alleges that Defendant is the administrator of the Retirement Plan. Defendant may be a fiduciary of the Retirement Plan and may be a proper party to claims (1)(d) and (3)(b). Thus, the Court cannot grant judgment on the pleadings on claims (1)(d) and (3)(b) on the ground that Defendant is not the plan entity.[4]

---

[4] ERISA authorizes lawsuits for equitable relief in 29 U.S.C. § 1132(a)(3). Plaintiffs are not entitled to a jury trial for claims made under this provision. Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 996 (9th Cir. 2000).

IV. The Fraud Claim is Preempted

Defendant argues that ERISA preempts common law actions for fraud that are predicated on violations of ERISA. Even though Defendant was not addressing the ERISA claims that concern the Retirement Plan, Defendant's arguments about preemption under ERISA are still relevant. ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Ninth Circuit has held that this provision "preempts common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit and breach of contract." Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1034 (9th Cir. 2000) (quoting Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1095 (9th Cir. 1985)). Thus, Plaintiff's claim (3)(b), for fraud predicated on a violation of Defendant's fiduciary duty under ERISA, cannot survive. Preemption does not affect claim (1)(d), for breach of Defendant's fiduciary duty under ERISA.

V. Federal Rule of Civil Procedure 11

Defendant requests that the Court issue an order pursuant to Federal Rule of Civil Procedure 11, prohibiting Plaintiff from "filing additional lawsuits against Defendants regarding his employment and resignation from employment." A Rule 11 motion for sanctions must be made in accordance with the provisions of Rule 11(c)(2): (1) the Rule 11 motion must be made separately from any other motions and (2) the motion must be served on the other party, with an allowance of twenty-one days for the non-moving party to correct or withdraw the challenged "paper, claim, defense,

14

contention, or denial," before being presented to the court. Neither of these requirements has been met by Defendant's motion. Accordingly, Defendant's request for Rule 11 sanctions is denied.

The Court again reminds Plaintiff that the doctrine of <u>res judicata</u> precludes him from raising against Defendant any claims arising out of the termination of his employment, even if those claims are based on new legal theories.

## CONCLUSION

For the reasons noted above, the Court GRANTS Defendant's motion for judgment on the pleadings IN PART and DENIES IT IN PART. (Docket No. 31). Judgment for Defendant will be GRANTED on Plaintiff's claims for breach of fiduciary duty based on Defendant's 2005 denial of long-term disability benefits (claim (1)(a)); for breach of fiduciary duty based on MetLife's denial of Plaintiff's appeal of the denial of long-term disability benefits (claim (1)(b)); for breach of fiduciary duty based on Defendant's failure to disclose long-term disability plan information (claim (1)(c)); for breach of contract (claim (2)); for fraud (claims (3)(a) and (3)(b)) and for tort (claim (4)). Defendant's motion is DENIED on Plaintiff's claim for breach of fiduciary duty in Defendant's administration of the Retirement Plan (claim (1)(d)).

Claim (1)(d) is the sole remaining claim. Plaintiff seeks no punitive damages for this claim; only equitable relief is sought. Therefore, as noted above, Plaintiff is not entitled to a jury trial and Plaintiff's demand for a jury trial is DENIED.

Defendant's request that the Court impose sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 11 is DENIED.

15

A Case Management Conference will be held on September 15, 2009, at 2:00 p.m.  The parties shall submit separate Case Management Conference Statements one week before the Case Management Conference.

IT IS SO ORDERED.



Dated:  8/17/09

CLAUDIA WILKEN
United States District Judge

16

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHANG et al,

    Plaintiff,

v.

WELLS FARGO AND COMPANY et al,

    Defendant.

Case Number: CV09-00216 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 17, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gerard Chang
P.O. Box 27372
San Francisco, CA 94127

Dated: August 17, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk