IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD CHANG,<br><br>              Plaintiff,<br><br>     v.<br><br>WELLS FARGO AND COMPANY, et al.,<br><br>              Defendants. | No. C 09-00216 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

    Defendant Wells Fargo & Company[1] moves, under Federal Rule of Civil Procedure 12(c), for judgment on the pleadings[2] on the claim for breach of fiduciary duty, the only claim remaining in this case.  Pro se Plaintiff Gerard Chang opposes the motion.  The matter was taken under submission.  Having considered all of the papers filed by the parties, the Court grants Defendant's motion.

---

[1] In the caption of the complaint, Plaintiff lists three Wells Fargo entities.  Defendant indicates that it is incorrectly identified in the complaint and it should be referred to as Wells Fargo & Company.  The Court will refer to Defendant as one entity called Wells Fargo & Company.

[2] Defendant alternatively moves for summary judgment.  Because the motion for judgment on the pleadings is granted, the motion for summary judgment is denied as moot.

BACKGROUND

Plaintiff is a former employee of Greater Bay Bank (GBB), which has since been acquired by Defendant.  Plaintiff resigned from GBB on January 26, 2005.  On January 16, 2009, Plaintiff filed the instant complaint and, on March 23, 2009, filed an amended complaint (FAC) alleging causes of action for: (1) breach of fiduciary duty; (2) breach of contract; (3) fraud; and (4) tort. On August 17, 2009, the Court issued on Order granting judgment in favor of Defendant on all claims with the exception of the claim for breach of fiduciary duty based on Defendant's administration of its employee retirement plan in violation of the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461.  Plaintiff's allegations in regard to this claim are that Defendant, in its role as Administrator of the retirement plan, conceals data so that plan participants cannot readily ascertain if there are problems with the investment options of the plan, FAC at ¶ 88, automatically pays out dividends placing a burden on plan participants who want to have their dividends withheld, FAC at ¶ 89, and liquidates investments which conceals unrealized losses and forces plan participants to transfer their balances to new funds, FAC at ¶¶ 90, 91.

LEGAL STANDARD

A motion for judgment on the pleadings, like a motion to dismiss for failure to state a claim, addresses the sufficiency of a pleading.  Judgment on the pleadings may be granted when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law.  Hal Roach

2

Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). In testing the sufficiency of a pleading, the well-plead allegations of the non-moving party are accepted as true, while any allegations of the moving party which have been denied are assumed to be false. Hal Roach Studios, 896 F.2d at 1550. However, the court need not accept conclusory allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

Defendant argues that Plaintiff cannot bring a claim for breach of fiduciary duty under ERISA in a pro se capacity. Although Plaintiff filed an opposition to Defendant's motion, he does not respond to this argument.

A claim for breach of fiduciary duty under ERISA arises under 29 U.S.C. § 1109(a). Civil actions for breach of fiduciary duty under § 1109(a) may be brought by the Secretary, or a plan participant, beneficiary or fiduciary. 29 U.S.C. § 1132(a)(2). Actions under § 1109(a) are brought on behalf of the plan. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140 (1985). The general rule that prohibits pro se plaintiffs from litigating claims on behalf of others in a representative capacity applies to cases brought under § 1109(a). Simon v. Hartford Life, Inc., 546 F.3d 661, 667 (9th Cir. 2008). Therefore, a litigant proceeding pro se may not bring suit under § 1109(a) for breach of fiduciary duty. Id.

Thus, Plaintiff may not proceed with his claim for breach of fiduciary duty under § 1109 because he is litigating in a pro se capacity. Defendant's motion for judgment on the pleadings on this claim is granted.

CONCLUSION

Based on the foregoing, Defendant's motion for judgment on the pleadings on the breach of fiduciary duty claim is granted. Because this is the last remaining claim in this case, this case is now completely adjudicated and judgment shall enter in favor of Defendant. Both parties shall bear their own costs of suit.

IT IS SO ORDERED.

Dated: February 11, 2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHANG et al,

    Plaintiff,

v.

WELLS FARGO AND COMPANY et al,

    Defendant.

Case Number: CV09-00216 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gerard Chang
P.O. Box 27372
San Francisco, CA 94127

Dated: February 11, 2010

Richard W. Wieking, Clerk
By: Ronnie Hersler, Administrative Law Clerk